UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

          Plaintiff,

v.

Justin Badas,

          Defendant.

Case No. 3:19-cr-469

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

On August 8, 2019, Defendant Justin Badas was charged by indictment with one count of structuring financial transactions in a manner intended to cause a financial institution to fail to file Currency Transaction Reports as required by federal law, in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2, and four counts of causing a financial institution to fail to file a required financial report. (Doc. No. 1). Badas subsequently pled guilty to the structuring count, (Doc. No. 11), while the remaining four counts were dismissed upon the government's motion. (Doc. No. 18). I then sentenced Badas to two years of probation. (*Id.*).

Badas now seeks an order terminating his term of probation prior to the completion of that term. (Doc. No. 20). The U.S. Pretrial Services and Probation Office recommends that Badas continue on probation. (*See* Doc. No. 21). For the reasons stated below, I deny Badas's motion.

## II. DISCUSSION

Early termination of a term of probation is governed by § 3564:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal

> Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

While Badas has served over one year of his term of felony probation, *see* § 3564(a), I conclude early termination is not warranted by Badas's conduct.

One of the conditions of Badas's probation is that he "must not incur new credit charges or open additional lines of credit without the approval of the probation officer." (Doc. No. 18 at 4). A few months before Badas filed his motion for early termination, Badas purchased a house in Temperance, Michigan. Badas obtained a mortgage in order to purchase the house and he subsequently opened three separate lines of credit to finance renovations to the house. He did not ask for or receive permission from his probation officer before undertaking any of these financial transactions. (Doc. No. 21 at 2-3).

Badas' failure to comply with a straightforward condition of his probation demonstrates that early termination of his probation term would not be consistent with the factors found in § 3553(a), particularly the need for the sentence imposed to promote respect for the law and to afford adequate deterrence to future criminal conduct.

### III. CONCLUSION

I conclude early termination of Badas' probation is not warranted by his conduct or the interest of justice. Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 20).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge